# Exhibit A – State Court Record

Case 1:20-cv-01739-JMS-DML 17D01-2005-CT-000025 Document 1-2 05/26/20 Page 2 of 10 PageID #: 58 Filed: 5/21/2020 9:30 AM Clerk

DeKalb Superior Court 1                                    DeKalb County, Indiana

| | | | | |
|---|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE DEKALB SUPERIOR COURT | |
| | ) | SS: | | |
| COUNTY OF DEKALB | ) | | CAUSE NO._____ | |

KENDRA KATSCHKE,                   )
                             )
        Plaintiff,               )
                             )
    v.                             )
                             )
THERMA-TRU CORP.,                   )
                             )
        Defendant.               )

## **COMPLAINT**

Plaintiff alleges against Defendant that:

1. The Plaintiff is Kendra Katschke, a resident of Payne Ohio, who, on or about January 29, 2020, filed EEOC Charge of Discrimination No. 470-2020-01442, which is incorporated herein, made a part hereof and attached hereto as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on or about February 11, 2020 (Exhibit "B"), and this Complaint has been filed within 90 days after receipt thereof.

2. Defendant is Therma-Tru Corp., a/k/a Therma-Tru Doors, a company doing business at 601 RE Jones Road, Butler, Indiana 46721. Defendant is an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq*. ("ADA").

3. Plaintiff contends that she was discriminated against, retaliated against and discharged on account of her disability based upon the facts and allegations set forth in her Charge of Discrimination (Exhibit "A").

4. Plaintiff contends that she was terminated for the additional illegal reason of getting

−1−

hurt on the job and asserting her rights to Worker's Compensation benefits, and that she was discharged in retaliation for requesting and receiving medical care and other Worker's Compensation benefits, contrary to the public policies and tort laws of the State of Indiana which prohibits retaliatory discharge, and based upon the facts and allegations set forth in Exhibit "A".

5. As a direct and proximate result of Defendant's intentional actions which were in deliberate indifference and in reckless disregard of Plaintiff's rights under the ADA, and as a result of violations of the tort laws and public policies of the State of Indiana, Plaintiff lost her job and job-related benefits including income. Plaintiff suffered compensatory damages, mental anguish, emotional distress, financial distress, inconvenience, and other damages and injuries.

6. Because Defendant acted intentionally and in reckless disregard of Plaintiff's federally protected rights, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

–2–

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:      (260) 424-0600
Facsimile:      (260) 424-0712
E-mail:         cmyers@myers-law.com
Counsel for Plaintiff

–3–

Case 1:20-cv-01739-JMS-DML   Document 1-4   Filed 05/11/2020   Page 5 of 10 PageID #: 26

17-001-20052-CT-000026/20

5/11/2020 9:30 AM
Clerk
DeKalb County, Indiana

DeKalb Superior Court 1

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2020-01442 |

Equal Employment Opportunity Commission and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Kendra Katschke | 419-258-0371 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 505 East Orchard Street, Apt 2 | Payne, Ohio 45880 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Therma-Tru Doors | 50+ | 260-868-5811 |

| Street Address | City, State and ZIP Code |
|---|---|
| 601 RE Jones Road | Butler, Indiana 46721 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) Frampton

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Sep 19, 2019   Latest: Sep 25, 2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Kendra Katschke, a qualified employee who had a workplace accident, injuring her arm, which injury constituted a disability, perceived disability, and/or record of impairment. The Complainant contends that at all materials times to this Charge the Respondent discriminated against her, denied her reasonable accommodations, failed to engage in the interactive process, and/or retaliated against and terminated her on the basis of her disability, perceived disability, and/or record of impairment in violation of her federally protected rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"), as well as in retaliation for her Worker's Compensation claim for the workplace injury.

II. The Respondent is Therma-Tru Doors a company doing business at 601 RE Jones Road, Butler, Indiana. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA, Worker's Compensation and Frampton claims. Further, Defendant is an "employer" for purposes of the Indiana Worker's Compensation Act and the laws and public policies of the State of Indiana prohibiting employer retaliation against employees who are injured on-the-job as set forth in Frampton v. Central Indiana Gas Co., 297 N.E.2d 425 (Ind. 1973) and subsequent cases.

III. The Complainant was employed by the Respondent from on or about June 19, 2019 until her wrongful termination on or about September 25, 2019. She was employed as line worker and had performed within the reasonable expectations of the employer at all materials times to this Charge.

IV. On or about September 19, 2019 at around 10:00 p.m., the Complainant was working on her line and pulled glass from an 8 foot glass bunk to work one. Complainant asked for help to pull the glass, but

Ex. A

did not receive help. Upon pulling the glass it broke, and was dropped on the ground. The Complainant picked up the taped piece of glass to throw it away, but while carrying it the glass bent and wrapped around behind her, stabbing her through her arm. She extracted the 4 inch by 1 inch wide piece of glass and reported the injury to her supervisor. After waiting about 20 minutes, the Complainant was walked outside to wait on the EMS. She was taken to the hospital and treated for the laceration to her arm – and then sent home to recuperate.

V.     On the following day, Friday, September 20, 2019, the Complainant called in to work, and was told she would be taken off work until further notice. On the following Monday, the Complainant again called in and was told they were going to do an investigation and that she was still off work.

VI.    On September 25, 2019, the Complainant received a phone call telling her they were going to terminate her for "unsafe" actions, even though the Complainant had received no write-up, verbal notice or other discipline regarding safety; and she was informed the company would continue to pay her medical bills for the laceration injury to her arm.

VII.   The Complainant contends the Respondent discriminated against her, denied her reasonable accommodations, failed to engage in the interactive process, and/or retaliated against and terminated her on the basis of her disability, perceived disability, and/or record of impairment in violation of her federally protected rights under the ADA.

VIII.  Complainant alleges that the proffered reason for termination was false and pretextual, and in actuality she was retaliated against and terminated for suffering a work related injury for which she asserted her rights under the Indiana Worker's Compensation Act.

IX.    The Complainant contends that similarly situated employees who lacked a disability, perceived disability, and/or record of impairment were treated less harshly in their requests for work schedule modifications.

X.     The Respondent's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant's suffering the loss of her job and job-related benefits, including income. The Respondent's wrongful conduct additionally subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. The Complainant is entitled to seek compensatory damages and reasonable attorney fees and costs, against Respondent.

XI.    The Respondent's discriminatory and/or retaliatory conduct was also intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADA, and in reckless disregard of the Complainant's rights under the laws and public policies of the State of Indiana as addressed by the Indiana Workers Compensation Act. The Complainant is entitled to seek punitive damages against the Respondent.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary to satisfy State and Local Requirements<br><br>Janelle D Guin<br>Notary Public Seal State of Indiana<br>Allen County<br>Commission Number NP0728303<br>MY COMMISSION EXPIRES 10/31/2027 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1/28/2020<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Kendra Katschke<br>505 East Orchard Street, Apt.2<br>Payne, OH 45880 | From:  Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

| | |
|---|---|
| | ☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-01442 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____                          FEB 11 2020

Michelle Eisele,                                   (Date Mailed)
District Director

Enclosures(s)

cc:
| | |
|---|---|
| Joe Kave<br>FORTUNE BRANDS/THERMA-TRU CORP.<br>520 Lake Cook Road<br>Deerfield, IL 60015 | Christopher C. Myers<br>CHRISTOPHER C. MYERS & ASSOCIATES<br>809 S. Calhoun Street, Suite 400<br>Fort Wayne, IN 46802 |

Ex. B

STATE OF INDIANA      )         IN THE DEKALB SUPERIOR COURT
                         )  SS:
COUNTY OF DEKALB    )         CAUSE NO._____

KENDRA KATSCHKE,       )
                         )
         Plaintiff,    )
                         )
       v.             )
                         )
THERMA-TRU CORP.,      )
                         )
         Defendant.   )

## APPEARANCE IN A CIVIL CASE

**Party Classification:**    Initiating  __X__     Responding _____    Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Plaintiff, Kendra Katschke.</u>

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    **CHRISTOPHER C. MYERS & ASSOCIATES**
    Name:  __Christopher C. Myers__     Attorney Number:  __10043-02__
    Address: _809 S. Calhoun Street, Suite 400_   Phone:  __(260) 424-0600__
    _____Fort Wayne, IN  46802_____   FAX:   __(260) 424-0712__
    E-Mail Address:  cmyers@myers-law.com

3.    There are other party members: Yes _____  No  __X__

4.    *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____

5.    I will accept service by FAX at the above noted number: Yes __X__     No _____

6.    There are related cases  Yes _____  No  __X__  *(if yes, list on continuation page)*

7.    This has been served on all other parties.  Certificate of Service is attached: Yes _____  No  __X__

8.    Additional information required by local rule: _____

<u>/s/ Christopher C. Myers_____</u>

STATE OF INDIANA

COUNTY OF DEKALB

IN THE DEKALB SUPERIOR COURT
Civil Division - Courthouse
100 Main Street
Auburn, Indiana 46706
Telephone: (260) 925-0912

_KENDRA KATSCHKE_____
      Plaintiff

VS

_THERMA-TRU CORP._____
      Defendant

Case Number: _____

## SUMMONS

TO:    Business Commercial Registered Agent
       Registered Agent for Therma-Tru Corp.
       135 N. Pennsylvania Avenue, Suite 1610
       Indianapolis, In 46204

You have been sued by the person(s) named above.   The claim made against you is attached to this summons; please examine all pages carefully.   The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX____    Certified Mail       You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____    Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Dekalb Superior Court, Room 201, Dekalb County Courthouse, Auburn, Indiana   46706.**   The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer.   If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form.   **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: ___5/11/2020_____

_____
CLERK OF THE DEKALB CIRCUIT AND SUPERIOR COURTS

Christopher C. Myers (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

    (Seal)

809 South Calhoun Street, Suite 400
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 424-0600        10043-02
Telephone Number     Attorney Number

DEKALB COUNTY COURTS
**SEAL**
INDIANA

### MANNER OF SERVICE
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____    personal service
_____    leaving a copy at dwelling or place of employment

**CLERK** shall serve this Summons as follows:
_____    regular mail
_____    certified mail
_____    publication

**OTHER** manner of service:
___X___    attorney to serve
_____    private process server, _____
_____    other (describe in particular and note Trial Rule)
_____

## CERTIFIED MAIL

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Auburn, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Auburn, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the DeKalb Circuit and Superior Courts

_____
Clerk of the DeKalb Circuit and Superior Courts

## ADMISSION OF SERVICE

I received a copy of this Summons on this date _____ and at this location: _____

_____ .
Signature of Party

_____
Relationship (if not within named person)

## RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**        (_____)

READING / delivering a copy (A) to the within named party;

LEAVING A COPY for the within named party
             (B) with the spouse, named:
             (C) with a relative, named:
             (D) at the residence, located at:
             (E) with the employer, named: _____

             (E) with a secretary, named:
             (F) with the attorney, named:
             (H) with this person (other-specify):

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____ .
Last known address of person named in the document (or Change of Address)

**I did <u>not</u> serve a copy of this Summons because: (_____)**

(I)     The party was NOT FOUND / NO SUCH ADDRESS.
(J)    the document EXPIRED.
(K)   the party AVOIDED service.
(L)   the party REFUSED service.
(M)  the party was NO LONGER EMPLOYED at the address.
(N)   the document was RETURNED by the authority of the Plaintiff.
(O)   the party is DECEASED.
(P)   the party was UNKNOWN AT THAT ADDRESS.
(Q)   the party was on SICK LEAVE / LAY OFF.

(R)   the party was on VACATION.
(S)   the party was NOT FOUND / VACANT.
(T)   the party was NOT FOUND / MOVED.
(U)   the party was NOT FOUND IN THIS BAILIWICK.
(V)   INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W)  they are NO LONGER IN BUSINESS.
(X)   several attempts were made / UNABLE TO SERVE.
(Y)   of the following reason (OTHER-specify):

_____

## I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

_____
Date Served / Attempted        Time Served / Attempted

_____
Signature of Sheriff of DeKalb County, Indiana (or other officer)

_____
(Printed Name of Process Server)

By: _____
Signature of Process Server